UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                    :
UNITED STATES OF AMERICA,       :    CASE NO. 1:06-CR-345
                                                    :
        Plaintiff,                          :
                                                    :
vs.                                              :    OPINION & ORDER
                                                    :    [Resolving Doc. No. 51]
JOSEPH E. MIHALICH, AVERY KLEIN,  :
RICHARD OTTERMAN, PHILLIP F.    :
GEORGE, JR.,                                 :
                                                    :
        Defendants.                       :
                                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Order, the Court decides whether to sever the trial of Defendant Richard Otterman ("Otterman") from that of his three Co-Defendants. Otterman moves the Court to sever his trial pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure. [Doc. 51.] The Government opposes this motion. [Doc. 64.] For the reasons presented below, the Court **DENIES** Otterman's motion.

I. Background

On July 11, 2006, the grand jury indicted Otterman, charging him with having participated in illegal gambling activities from in or about July 2000 to July 2003. [Doc. 1.] The charges under Count 1 of the indictment include the illegal operation of "slot machine/instant bingo store fronts and [the] sale of instant bingo tickets under the guise of charitable funding raising for the Prisma Center" and with aiding and abetting such crime in violation of Sections 2 and 1955 of Title 18 of the United States Code. *Id.* In the same indictment, the grand jury also charged Otterman's three

-1-

Case No. 1:06-CR-345
Gwin, J.

Co-Defendants with additional counts of illegal gambling, conspiracy to launder money, and money laundering. *Id.* Finally, the grand jury charged all four Defendants with a forfeiture count that includes a number of slot machines, video gambling machines, and cash. *Id.*

On September 22, 2006, Otterman filed his instant motion to sever. [Doc. 51.] Otterman's central argument is that, because the grand jury "only" charged him in Count 1 of the indictment, "he will suffer undue prejudice if the one charge against him is tried with the thirty charges against his three Co-Defendants." *Id.* Otterman says that he is "clearly 'the low man on the totem pole'" and his role in the allegedly illegal gambling activities is "minor and tangential." *Id.*

In its response to Otterman's motion, the Government disagrees and asserts that Otterman is a "central participant[ ] in the illegal gambling operation." [Doc. 64.] Further, the Government says that "the majority of witnesses, exhibits and evidence at trial will relate to Count One of the Indictment, which charges Defendant Otterman and the other three Defendants with jointly participating in the same illegal gambling operation." *Id.* Thus, the Government says it has properly joined Otterman's case with that of the other three Co-Defendants and anticipates presenting substantially the same evidence and testimony in its prosecution of all of charged offenses. *Id.*

## II. Legal Standard

An indictment properly joins defendants when they are charged with participating "in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). "All defendants need not be charged in each count." *Id.* As a general rule, persons jointly indicted should be tried together. *See, e.g.*, *United States v. Stull*, 743 F.2d 439, 446-47 (6th Cir. 1984), *cert. denied*, 470 U.S. 1062 (1985). Rule 8(b) seeks judicial economy and efficiency through the avoidance of multiple trials. *United States v. Whitley*, 724 F.2d 1129, 1139 (6th Cir. 1984).

Case No. 1:06-CR-345
Gwin, J.

A court may sever defendants' trials "[i]f the joinder of offenses or defendants . . . for trial appears to prejudice a defendant. . . ." FED. R. CRIM. P. 14(a). "In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). The Sixth Circuit reviews denial of severance "only for a clear abuse of discretion." *Id.* (citation omitted).

### III. Analysis

With his motion to sever, Otterman does not show improper joinder or undue prejudice absent severance from his Co-Defendants.

The Government properly joined its case against Otterman with those of his Co-Defendants. Each Defendant allegedly used the Prisma Center as a front for their supposedly illegal slot machine and bingo gambling activities from July 2000 to July 2003. The indictment charges Otterman "only" in Count 1. However, Count 1 operates as the Government's primary charge against all of the Co-Defendants. Throughout the course of this litigation, the Government has indicated – and the Court is satisfied – that the majority of witnesses, evidence, and exhibits will relate to Count 1. Thus, Otterman is properly joined.

Likewise, with his motion, Otterman does not show specific evidence that he will endure substantial prejudice if the Court denies his instant motion to sever. Otterman says that he is the "low man on the totem pole" and claims a "minor and tangential" role in the illegal gambling scheme. With these bald statements, and nothing more, the Court cannot weigh Otterman's claim of undue prejudice absent severance. Thus, because Otterman does not show compelling and actual prejudice, his motion fails.

Finally, by requiring the Government to bring a separate trial against Otterman, the Court

Case No. 1:06-CR-345
Gwin, J.

would unnecessarily burden the public resources available to prosecute this case. Two separate trials empaneling two separate juries considering substantially the same evidence and hearing substantially the same witnesses testimony are the type of uneconomic, duplicative efforts that Rule 8(b) seeks to avoid. The Court does not sanction such inefficiency.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Otterman's motion.

IT IS SO ORDERED.


Dated: October 23, 2006          s/ *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE